UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
EXIM GRAIN TRADE B.V.,                    :

          Plaintiff,              :
                                                08 Civ. 6989 (WHP)
- against -                               :      ECF CASE

J.K. INTERNATIONAL PTY LTD.,              :

          Defendant.              :
------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE THE ATTACHMENT

Plaintiff, Exim Grain Trade B.V. ("Exim" or "Plaintiff"), by and through its undersigned counsel, Tisdale Law Offices, LLC, respectfully submits this Memorandum of Law in Opposition to J.K. International Pty Ltd.'s ("JKI" or "Defendant") Motion to Vacate the Maritime Attachment Order issued pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Rule B"). Because the Plaintiff has met its burden of alleging a cognizable claim in admiralty as required under Rule B, the Defendant's motion should be denied.

### FACTS

The facts pertaining to the instant Motion to Vacate the process of maritime attachment and garnishment are fully set forth in the accompanying Declaration of Lauren C. Davies dated August 26, 2008 ("Davies Dec."). The facts stated in the Declaration are incorporated by reference herein. In addition, this Memorandum of Law will make reference to, and discuss as necessary the facts set forth in the Declaration.

1

## ARGUMENT

*I.   EXIM HAS CARRIED ITS BURDEN OF ESTABLISHING THE VALIDITY OF THE ATTACHMENT OF THE DEFENDANT'S PROPERTY*

Pursuant to Supplemental Admiralty Rule E(4)(F), a Plaintiff has the burden to come forward with sufficient evidence to show that "it has a valid prima facie admiralty claim against the defendant." *C. Transport Panamax, Ltd. v. Kremikovtzi Trade E.O.O.D., et al.*, 07 Civ. 893 (LAP) citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006).

On a motion to vacate, the Court is only required to determine whether there are reasonable grounds for issuing an order of attachment and is not required to resolve the dispute between the parties. *In re Murmansk Shipping Co.*, 2001 U.S. Dist. LEXIS 25227, 2002 A.M.C. 2495 (E.D.La. 2001) (*citing Cashman Equip. Corp. v. Trans Carribean Trans. Co., Ltd.*, 1996 U.S. Dist. LEXIS 16307, 1996 WL 626294, *2 (E.D.La. 1996)). It is well established that "an order of maritime attachment is available where the plaintiff has an in personam claim against the defendant that is cognizable in admiralty, the defendant cannot be found in the district, property of the defendant can be found in the district, and there is no statutory or general maritime law prohibition to the attachment." *Tramp Oil & Marine Limited v. Ocean Navigation (Hellas)*, 2004 U.S. Dist LEXIS 7974 (S.D.N.Y. May 7, 2004) *citing* 2 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 21-2, at 470 (2d ed. 1994).

In this case, Exim's claim is cognizable in admiralty. There is no dispute that the Defendant cannot be found within the district and that there is no statutory or general maritime law prohibition to the attachment.

2

## II. THE DISPUTE BETWEEN THE PARTIES FALLS WITHIN THIS COURT'S ADMIRALTY AND MARITIME JURISDICTION

The Defendant does not dispute that "[a]dmiralty jurisdiction extends only to wholly maritime contracts or severable maritime portions of mixed contracts," *Thypin Steel Co. v. Asoma Corp.*, 215 F.3d 273, (2d Cir. 2000); *see also Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 199 (2d Cir. 1992), but simply states that that this contract is not maritime in nature because the "undisputed principal purpose of the Sales Contract was the sale and purchase of wheat." Defendant's Brief at 8. The Defendant does not consider or address the relevant facts of this case that provide admiralty jurisdiction here because the severable portions of the contract give rise to admiralty jurisdiction. Instead, the Defendant analyzes several decisions to support its position, without considering the facts of this case and how they provide the necessary jurisdiction here.

The dispute herein specifically involves the breach by the Defendant of the maritime portions of the contract between Exim and JKI, thus providing this Court with admiralty jurisdiction over Exim's claims. *See Verified Complaint, attached as Exhibit 2 to the Davies Dec..* The Defendant's assertions to the contrary mischaracterize the scope of this Court's jurisdiction in an attempt to nullify the maritime portion of the contract between the parties.

"In order to be considered maritime, there must be a direct and substantial link between the contract and the operation of the ship, its navigation, or its management afloat, taking into account the needs of the shipping industry, for the very basis of the constitutional grant of admiralty jurisdiction was to ensure a national uniformity of approach to world shipping." 1-XII *Benedict on Admiralty* § 182 (2005). Where "the subject matter of the contract relates to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by

3

sea or to maritime employment it is fairly said to constitute a maritime contract." *Ingersoll Milling Mach. Co. v. M/V BODENA*, 829 F.2d 293, 302 (2d Cir. 1987).

The Supreme Court has recognized that "the boundaries of admiralty jurisdiction over contracts – as opposed to torts or crimes – being conceptual rather than spatial, have always been difficult to draw." *Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961). In general, courts "focus the jurisdictional inquiry upon whether the nature of the transaction was maritime." *Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 611 (1991). In doing so, courts look for something with a "genuinely salty flavor." *Kossick*, 365 U.S. at 742.

In *Norfolk Southern Ry. Co. v. Kirby*, 543 U.S. 14 (2004), the United States Supreme Court recently clarified the test for determining whether a contract is maritime. In *Kirby*, the Supreme Court held that a contract is maritime when a primary objective of the parties' contract is to accomplish the transportation of goods by sea, even where there are non-maritime components to the contract. *Id.* at 24; *see generally Folksamerica Reinsurance Co. v. Clean Water of New York, Inc.*, 413 F.3d 307 (2d Cir. 2005)(explaining *Kirby*). In reaching this conclusion, the Court implemented a conceptual approach to contracts involving maritime and non-maritime elements and directed that the jurisdictional inquiry be focused "upon whether the nature of the transaction was maritime." *Id.* (citing *Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 608 (1991)). The Court observed that "the fundamental interest giving rise to maritime jurisdiction is the protection of maritime commerce." *Id.* at 25 (citing *Exxon*, 500 U.S. at 608; *Sisson v. Ruby*, 497 U.S. 358, 367 (1990) and *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982)).

Furthermore, "courts should look to the subject matter of the [relevant] contract and determine whether the services performed under the contract are maritime in nature." *Exxon*

4

*Corp.*, 500 U.S. at 612. Under the relevant contract in this case, there is no denying that maritime transportation was integral to the agreement between the parties: the contract provided that Exim would sell a cargo to JKI and expressly detailed the conditions for the transportation and delivery, which required JKI to present a vessel for loading within the contractual period of Oct 19 – 22 and further required the Seller or its agent's at the load port with 5/3 days of arrival notices. *See Davies Dec. at ¶¶ 3-6; see also Contract, attached as Exhibit 1 to the Davies Dec.* More importantly, the breaches that are alleged by Exim in its Rule B application, relate specifically to the maritime portions of the contract. Exim is seeking security for losses suffered as a result of JKI's failure to tender the Vessel that was approved for loading, and thereafter tendering a Vessel beyond the contract window. *See Davies Dec. at ¶¶ 14-17; see also Exim's Arbitration Submissions at ¶¶ 7 and 10-13 attached as Exhibit 3 to the Davies Dec.*

The above facts and resulting losses are detailed in Exim's arbitration submission and the only dispute in the arbitration is JKI's breach of the contract for failing to nominate an adequate Vessel within the contract period. The damages that are sought in the arbitration are the result of these breaches. *See Exim's Arbitration Submissio at ¶¶ 16-18, attached as Exhibit 3 to the Davies Dec.; see also Verified Complaint at ¶¶ 7-10 attached as Exhibit 2 to the Davies Dec.*

The maritime nature of the contract between the parties is detailed in the Plaintiff's Verified Complaint and arbitration submissions. *See Verified Complaint attached as Exhibit 2 to the Davies Dec.; see also Exim's Arbitration Submissions attached as Exhibit 3 to the Davies Dec.* The maritime transportation of the goods was a requirement of performance by the Defendant under this contract and the contract was breached by JKI because the proper type Vessel was not tendered to Exim. *See id.*

5

As outlined by the Second Circuit in *Folksamerica, supra*, courts are required to "make a 'threshold inquiry' into the subject matter of the *dispute* [and] '[b]efore attempting to categorize contractual rights as maritime or non-maritime, a federal court must first consider whether an issue related to maritime interests has been raised.'" *Folksamerica,* 413 F.3d at 312, (*quoting Atlantic Mutual,* 968 F.2d at 199) (internal citations omitted). In this case, it is clear that the subject matter of the *dispute* directly relates to maritime interests. The Rule B application was filed for Exim to obtain security in aid of its then-pending arbitration in London. The arbitration submission by Exim sought damages for default related to JKI's failure to tender an adequate Vessel under the contract. As already stated, the default damages are sought because JKI failed to provide a Vessel to load its cargo. *See Exim's Arbitration Submissions at ¶¶ 15-18 attached as Exhibit 3 to the Davies Dec.*

The relevant portions of the Exim / JKI contract which are the focus of the arbitration and for which the Plaintiff is seeking security, give rise to admiralty jurisdiction. In *Compagnie Francaise de Navigation a Vapeur v. Bonnasse,* 19 F.2d 777, 779 (2d Cir. 1927), Judge Hand held that where the maritime obligations of a contract can be "separately adjudicated, there is no objection to the jurisdiction of the admiralty pro tanto. . . . The substantial question is whether the maritime obligations can be separately enforced without prejudice to the rest." *See also Hartford Fire Ins. Co. v. Orient Overseas Container Lines (UK) Ltd.,* 230 F.3d 549, 555 (2d Cir. 2000) ("a federal court can exercise admiralty jurisdiction over a 'mixed' contract if: (1) the claim arises from a breach of maritime obligations that are severable from the non-maritime obligations of the contract. . . .").

In this case, the subject matter of the dispute - seeking security for a pending arbitration for losses related to the Vessel - clearly implicates the business of maritime commerce. The

6

delivery of the cargo required JKI to provide a Vessel to load its cargo that was adequate to make only one shipment. This requirement was integral to the completion of the parties' maritime obligations under the contract. Under these circumstances, JKI has demonstrated that the subject matter of the dispute is not so attenuated from the business of maritime commerce that admiralty jurisdiction should be denied.

In their Motion to Vacate, the Defendant cites several cases that have held that sales contracts are not maritime without indicating why the facts of this case require this Court to come to the same conclusions. That is because those cases are distinguishable.

- In *Shanghai Sinom v. Exfin*, 2006 AMC 2950 (S.D.N.Y. 2006) "the alleged breach here was a breach wholly of the sale of goods provisions of the contract, not of its incidental maritime aspects, or indeed, of any transportation aspect at all." *Id.* at 2952.
- In *Lucky-Goldstar, Int'l (America) Inc. v. Phibro Energy Int'l Ltd.*, 958 F.2d 58 (5th Cir. 1992), a pre-*Kirby* decision, in finding that the contract was non-maritime, the Court stated that "[a] principal purpose of the contract was the land-based sale of over a thousand metric tons of toluene."
- In *Aston Agro-Industrial AG v. Star Grain Ltd.*, 2006 U.S. Dist. LEXIS 91636 (S.D.N.Y.) Judge Daniels found that the contract between Aston Agro and Star Grain was not maritime because Star Grain's liability to Aston in that case had nothing to do with any maritime obligations of the wheat contract.
- In *F.H. Berling Holding KG v. Ranhill Engineers & Constr.*, 2008 U.S. Dist. LEXIS 52085 (S.D.N.Y. July 9, 2008), Judge Scheindlin found that a logistics agreement was not a maritime contract because it had no indication of shipping amounts, dates, shipping rates or even a destination for any cargo. Based on those elements, and the important fact that any ocean transportation was only an optional way that any goods may be transported, the Court found no maritime jurisdiction.

In the contract at issue, JKI is in default because it failed to provide an adequate Vessel to make one lifting of the cargo. The damages were incurred because of this conduct, and no other. The damages suffered by JKI are directly related to costs associated with not being able to load the entire cargo onto one Vessel. As a result, the Plaintiff suffered losses for the MT price of the cargo and storage expenses that would not have been incurred if an adequate Vessel was presented for loading.

Finally, contrary to Defendant's assertions, the disputes in this case are quite similar to the dispute in *Noble Resources SA v. Yugtranzitservis and Silverstone S.A.*, 08 CV 3876 (S.D.N.Y. July 23, 2008) wherein the Court in that case held that the nature of the dispute under the sales contract for wheat was in fact related to maritime services and maritime activity sufficient enough to find maritime jurisdiction. *See Defendant's Brief, Appendix B.*

## CONCLUSION

Based on the foregoing, the subject matter of the dispute before this Court falls within its admiralty jurisdiction. Therefore, Defendant's motion to vacate must fail.

Dated: August 26, 2008  
New York, NY

The Plaintiff,  
EXIM GRAIN TRADE B.V.,

By: _____  
Lauren C. Davies (LD 1980)  
Thomas L. Tisdale (TT 5263)  
TISDALE LAW OFFICES LLC  
11 West 42nd Street, Suite 900  
New York, NY 10036  
(212) 354-0025 – phone  
(212) 869-0067 – fax  
ldavies@tisdale-law.com  
ttisdale@tisdale-law.com

## AFFIRMATION OF SERVICE

I hereby certify that on August 26, 2008, a copy of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE THE ATTACHMENT was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Lauren C. Davies